# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **v.**                              **Criminal Action No. 1:10cr93**

**VANESSA SUMLIN, A/K/A "Nessa,"**

    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Vanessa Sumlin, in person and by counsel, Katy J. Cimino, appeared before me on January 14, 2011. The Government appeared by John Parr, its Assistant United States Attorney.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Five of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she

voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Vanessa Sumlin, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Five of the Indictment, including the elements the United States would have to prove at trial, charging her with possession with intent to distribute marijuana within 1,000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 860.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her on January 10, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she

understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Five of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Five of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not less than one (1) year nor more than ten (10) years; understood that a fine of not more than $500,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least four (4) years; and understood the District Judge would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had certain prior convictions. She also understood she might be required by the District Judge to pay the costs of her incarceration and supervised release. Defendant further agreed to abandon to the Three Rivers Drug Task Force a 1989 Chevrolet Caprice titled in her name, and to execute any and all documents necessary to facilitate the abandonment.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Did you and Miss Cimino discuss that you have an absolute right to appeal your conviction, your sentence, and the imposition of your sentence within– in the old rule was ten days, it may be fourteen now– but within a very short time from the date when you are sentenced?

Def: Yes.

Ct: Did you also discuss with Miss Cimino that you may have a right to use a motion filed under 28 USC section 2255 to collaterally attack or challenge your sentence and how that sentence what imposed?

Def: Yes.

Ct: You understood that to be what we commonly call habeas corpus, is that correct?

Def: Correct.

Ct: Did you and Miss Cimino discuss that under paragraph 12 of your plea agreement, provided that the judge doesn't sentence you to more than 27 months of actual imprisonment, in other words, if the sentence is 27 months or less, you give up your right to appeal to the Fourth Circuit, and you give up your right to collaterally challenge that sentence using habeas?

Def: Yes.

Ct: Did you understand that under the terms of that waiver the appellate court, or for that matter any court reviewing a habeas motion by you, could take a look at that agreement and dismiss your appeal or dismiss your waiver – dismiss your collateral challenge based on the waiver?

Def: Yes.

Ct: Did you intend to give up your rights to collaterally attack or challenge and your right to directly appeal based under the terms and provisions as outlined in paragraph 12? Is that what you intended to do?

Def:    Yes.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Five of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Judge had an opportunity to review the pre-sentence investigation report, would the District Judge make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Vanessa Sumlin, with the consent of her counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Five of the Indictment.

The Court then heard the testimony of Fairmont City Police Detective David McGlone, who was assigned to the Three Rivers Drug Task Force. He was involved in an investigation involving Defendant in the summer of 2010. The Task Force had made a controlled purchase or one pound of marijuana from an associate of Defendant in May 2010. That associate was approached by police and agreed to act as a confidential informant ("CI"). In that capacity he made two controlled buys from Defendant in Fairmont, West Virginia, one on May 18, and one on June 10, 2010. The officers were able to identify Defendant as the seller.

A search warrant was obtained for Defendant's residence on 221 Spring Street in Fairmont, which is within 1000 feet of an HUD public housing development, as addressed by the county assessor's office. Defendant was in custody when the search was executed. During the search the officers found individually-packaged vacuum sealed bags containing one pound of marijuana each.

19 bags were in a suitcase, six were in a backpack, and 4-5 were in a bedroom closet. The drugs were sent to the State police laboratory where they were determined to total 12 kilograms of marijuana. Documents at the residence indicated it was Defendant's residence.

Defendant testified that she heard, understood, and agreed with Detective McGlone's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Five of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Detective McGlone.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Five of the Indictment; Defendant understood the consequences of her plea of guilty, including the statutory mandatory minimum and maximum sentence; Defendant made a knowing and voluntary plea of guilty to Count Five of the Indictment; and Defendant's plea is independently supported by the testimony of Detective McGlone, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Five of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Five of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: January 18, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE